IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.

STUART PALMER

_____/

**SEALED INDICTMENT**

1:24CR26 AW/ML

**THE GRAND JURY CHARGES:**

## COUNTS ONE THROUGH SIX

### A.  THE CHARGE

Between on or about December 6, 2021, and on or about May 13, 2024, in the Northern District of Florida and elsewhere, the defendant,

**STUART PALMER,**

did knowingly and willfully devise, and intend to devise, a scheme to defraud and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme, did cause wire communications to be transmitted in interstate commerce.

### B.  SCHEME TO DEFRAUD

It was part of the scheme to defraud that:

1.  Defendant **STUART PALMER** was the owner and registered agent of Gold Coast Manufacturing, LLC, a corporation in the state of Florida. **PALMER** was also the creator, owner, and operator of the "Founder's Circle"



program, a Facebook-based group dedicated to designing, manufacturing, and selling fully functional replica "Bren Ten" 10mm pistols, a firearm used in the fictional 1980s television show "Miami Vice."

2.      **STUART PALMER** solicited and induced numerous individuals into the "Founder's Circle" program to invest money with him for the purported purpose of creating fully functional, collectible "Bren Ten" pistols, which would then be distributed to investors. Investors paid **PALMER** to join the "Founder's Circle" program with the expectation that the money they paid would be used for the purpose of creating the fully functional "Bren Ten" pistols.

3.      To perpetuate the scheme, and to prevent investors from attempting to recoup their investment money, **STUART PALMER** made numerous communications to the "Founder's Circle" investors, each of which were posted to the "Founder's Circle" Facebook group through use of the internet. These communications falsely and fraudulently claimed that invested funds had been and were continuing to be used for purposes of producing "Bren Ten" pistols. In truth and in fact, and as **PALMER** well knew, no production was underway, and the vast majority of invested funds were used by **PALMER** for personal expenses unrelated to firearm production.

4.      **STUART PALMER** also falsely and fraudulently told investors, over a period of years, that a manufacturing space had been acquired by **PALMER** for

production of the pistols, that prototype pistols had been developed in coordination with Federally licensed firearms manufacturers, and that **PALMER** was "within spitting distance" of production of the pistols. **PALMER** also posted photographs of a manufacturing facility owned by a Federally licensed firearms manufacturer to bolster claims that production of "Bren Ten" pistols was underway by implying that the facility was involved in the production of the pistols. In truth and in fact, and as **PALMER** well knew, **PALMER**'s relationship with that manufacturer never proceeded past the creation of initial specifications for the firearm, and ended due to **PALMER** failing to pay the manufacturer in full for that initial design work.

5. **STUART PALMER** also made repeated false and fraudulent posts to the "Founder's Circle" group claiming that production of prototype pistols was underway, but was delayed by various circumstances including issues with the "rear grip frame," checking firearm tolerances, and the failure of manufacturing partners to obtain the correct parts. In truth and in fact, and as **PALMER** well knew, no prototype pistols had been produced and, therefore, none of the "issues" stated by **PALMER** existed.

6. No firearms were ever produced and no investor in the "Founder's Circle" program has received a "Bren Ten" pistol as a result of their investment in the program.

7.  By this conduct, **STUART PALMER** fraudulently obtained approximately $64,460.00 in funds to which he was not entitled.

### C. WIRE COMMUNICATIONS

On or about the following dates, in the Northern District of Florida and elsewhere, the defendant,

**STUART PALMER,**

for the purpose of executing this scheme to defraud, caused wire communications to be transmitted in interstate commerce as a result of the following communications:

| COUNTS | DATE | COMMUNICATION |
|---|---|---|
| **ONE** | December 6, 2021 | Announcement of "Founder's Circle" program via Facebook post. |
| **TWO** | April 30, 2023 | Announcement of lease of "headquarters" warehouse space via Facebook post. |
| **THREE** | August 21, 2023 | Announcement of prototype production via Facebook post. |
| **FOUR** | October 25, 2023 | Announcement of prototype production and testing via Facebook post. |
| **FIVE** | February 6, 2024 | Announcement of continued prototype production via Facebook post. |
| **SIX** | May 13, 2024 | Announcement that "substantial progress" on pistol production should be made within "the next couple weeks" via Facebook post. |

All in violation of Title 18, United States Code, Section 1343.

## CRIMINAL FORFEITURE

The allegations contained in Counts One through Six of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture. From his engagement in the violations alleged in Counts One through Six of this Indictment, the defendant,

**STUART PALMER,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all of the defendant's right, title, and interest in any property, real and personal, constituting, and derived from, proceeds traceable to such offenses.

If any of the property described above as being subject to forfeiture, as a result of acts or omissions of the defendant:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred, sold to, or deposited with a third party;

    iii.    has been placed beyond the jurisdiction of this Court;

    iv.    has been substantially diminished in value; or

    v.    has been commingled with other property that cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL:

*Redacted*

_____10/22/24_____
DATE

_____[signature]_____
JASON COODY
United States Attorney

_____[signature]_____
DAVID BYRON
Assistant United States Attorney