## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

UNITED STATES OF AMERICA                    ~~UNDER SEAL~~

v.                                          CASE NO. 1:24cr26-AW

STUART PALMER

_____/

### STATEMENT OF FACTS

The UNITED STATES OF AMERICA, by and through the undersigned

Assistant United States Attorney, provides this factual basis for the acceptance of

the guilty plea of Defendant Stuart Palmer ("Defendant"). Should this case proceed

to trial, the government is prepared to present evidence as follows:

During the period of time including December 6, 2021, through May 13, 2024,

the Defendant knowingly devised a scheme to defraud and to obtain money by using

false and fraudulent pretenses, representations, and promises. Specifically, during

that period of time, Defendant created the "Founder's Circle" program on the social

media platform Facebook. Defendant's creation, ownership, and operation of the

"Founder's Circle" was accomplished throughout the period of the scheme through

use of the internet, and as such the transmission of the false statements described

herein constituted wire communications transmitted in interstate commerce.

Defendant used the "Founder's Circle" Facebook page to advertise his alleged

plans to produce replica "Bren Ten" 10mm pistols, which Defendant claimed would

Filed in Open Court
Clerk, U.S. District Court
Northern District of Florida

be made available for purchase to members of the "Founder's Circle" program. Defendant claimed that these "Bren Ten" pistols would be fully functional replicas of a firearm used by a character in the fictional 1980s television show "Miami Vice," and charged "Founder's Circle" members $1,000 per person to reserve their right to purchase a completed "Bren Ten" pistol. Through use of the internet, Defendant solicited and received payments from numerous "Founder's Circle" members, which money was intended to be used towards production of the advertised "Bren Ten" pistols.

During the period of time described herein, Defendant made numerous posts to the "Founder's Circle" Facebook group through use of the internet which falsely and fraudulently claimed that invested funds had been used and were continuing to be used for purposes of producing Bren Ten pistols. In truth and in fact, and as Defendant well knew, production of Bren Ten pistols was not underway, had produced no physical prototypes, and had in fact not reached any stage of production beyond the commissioning of design work by a Federally-licensed firearm manufacturer – work for which Defendant did not remit full payment.

In spite of these facts, which were known to Defendant, during the course of the scheme Defendant used the internet to transmit communications reassuring investors that production of "Bren Ten" pistols was progressing successfully. The Defendant made these communications for the purpose of preventing existing

2

investors from learning that Defendant had embezzled invested funds, as well as to entice others to invest money with Defendant, and acted with intent to defraud.

For instance, on May 13, 2024, the Defendant, using the internet, falsely stated on the "Founder's Circle" Facebook group that "substantial progress" on pistol production should be made within "the next couple of weeks." In truth and in fact, and as Defendant well knew, the majority of the funds raised by Defendant through the "Founder's Circle" program was used to pay Defendant's personal expenses, and were not used to further the production of Bren Ten pistols in any way. Furthermore, Defendant knew at the time of transmitting the wire communication on May 13, 2024, that no progress had been made on production of the "Bren Ten" pistols, and no progress was expected in the near term. To date, Defendant has not manufactured even one of the firearms advertised in the "Founder's Circle" program.

The Defendant made this false and fraudulent statement to the "Founder's Circle" program as a continuation of the above-described fraud scheme, for the purpose of obtaining money from the "Founder's Circle" investors which Defendant subsequently spent on personal expenses unrelated to the advertised goal. In total, through execution of this scheme Defendant defrauded investors of at least $83,702 to which Defendant was not otherwise entitled.

## ELEMENTS OF THE OFFENSE – COUNT ONE

(1) The Defendant knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises;

(2) The false pretenses, representations, or promises were about a material fact;

(3) The Defendant acted with the intent to defraud; and

(4) The Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

MICHELLE SPAVEN
Acting United States Attorney

_____
DARREN JOHNSON
Attorney for Defendant

_____
ADAM HAPNER
Assistant United States Attorney

_____
STUART PALMER
Defendant

2/13/25
_____
Date

2/18/2025
_____
Date

4